IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ronald M. James, | ) | C/A No. 2:03-0823-18 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Universal Machine Tool Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to this court's June 24, 2005 Order, plaintiff had until August 24, 2005 to submit to the court appropriate filings to raise an genuine issue of material fact. Two months have passed since that deadline and no filing has been made.[1] For this reason and the reasons stated in the June 24, 2005 Order, defendant's motion for summary judgment is **GRANTED** and plaintiff's motion to reconsider is **DENIED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 19, 2005**
**Charleston, South Carolina**

---

[1] The court is aware that plaintiff, who is now pro se, and his former attorney are in a deadlock over the copying of plaintiff's file; however, this court has no jurisdiction over this attorney-former client dispute. There are other fora for this problem. Defendant is without fault in this dispute. Defendant has a right to rely on this court's order of June 24, 2005 granting it summary judgment but allowing plaintiff 60 days to create a genuine issue of material fact. This 60 day period is long past and there has been no further information submitted by plaintiff. The key issue in the case is who loaded the cargo into the truck plaintiff was driving. If there was any information in plaintiff's file which could provide an answer to this question, plaintiff's former attorney would certainly have submitted it prior to the initial hearing on May 12, 2005. It is now almost four months after this court's order granting defendant summary judgment. Defendant has a right to this court's decision.